timely appeal had ever been taken. The time in which appellants could have appealed from the final decree in these proceedings has long elapsed. See Fed. R.App.P. Rule 4(a), and the earlier § 25 of the Bankruptcy Act (11 U.S.C. § 48).

It is well established that we possess no jurisdiction to consider the validity of the original decree at this late date. Further, the filing of applications for rehearing or reconsideration and their denial cannot operate to resurrect an order which has long been final. Metal Fabricators, Inc. v. Granite City Steel Company, 357 F.2d 175 (8th Cir. 1966); Brown v. Thompson, 150 F.2d 171 (8th Cir. 1945); Old Colony Trust Co. v. Kurn et al., 138 F.2d 394 (8th Cir. 1943). We, *sua sponte*, dismiss this appeal for want of jurisdiction.

**SOUTH CENTRAL BELL TELEPHONE COMPANY, Plaintiff-Appellee,**

**v.**

**CONSTANT, INC., and the Succession of John D. Constant, Sr., Defendants-Appellants.**

**No. 30759**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1971.

Rehearing Denied March 19, 1971.

Clint L. Pierson, Baton Rouge, La., for defendants-appellants.

Victor A. Sachse, Fernando J. Freyre, Breazeale, Sachse & Wilson, Baton Rouge, La., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

James Darwin STEPHENS, Lieutenant Colonel Infantry, United States Army Reserve, Army Serial Number 0–359676, Plaintiff-Appellant,

v.

Stanley RESOR, Secretary of Army, Department of Defense, United States of America, Defendant-Appellee.

**No. 20507.**

United States Court of Appeals, Sixth Circuit.

Feb. 2, 1971.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.